## CIRCUIT COURT OF THE CITY OF RICHMOND

Alpine Construction Co.

v.

McChesney Construction Co.

November 25, 1980

Case No. A-1189

By JUDGE WILLARD I. WALKER

The trial of the above-captioned matter was held before the court on September 16, 1980. As all parties are familiar with the facts, I find no need to recite them here. The only question to be decided by the court is whether or not the defendant, McChesney Construction Company, is indebted to the plaintiff, Alpine Construction Company, in the amount of $12,126.20 for services performed by Alpine.

After reviewing the matter, I find that the plaintiff, Alpine, is entitled to a judgment against the defendant, McChesney, for $12,126.20, the full amount of the debt owed.

Defendant has relied on a theory of quantum meruit as a defense to recovery. However, reliance on this theory is misplaced in the present case because plaintiff has proved at trial the existence of an "account stated." Plaintiff's evidence showed that the defendant never objected to the charges that were being rendered on a weekly or biweekly basis, and in fact the defendant acknowledged that it owed the $12,126.20 to the plaintiff but was having financial difficulty in making the payment. It is well settled that "an implication of acceptance of and assent to an account stated may be drawn from its retention without objection within a reasonable time

by the party to whom it was sent." 1 Am. Jur. 2d *Accounts & Accounting* § 30 (1962); 1A Michie's Jur. *Accounts & Accounting* § 4 (Repl. Vol. 1980).

In this case McChesney's silence and failure to object to the weekly or biweekly bills created a rebuttable presumption that he acquiesced in the amount of the account and hence the $12,126.20 debt became an "account stated." The uncontested proof of such acquiescence is sufficient basis for recovery of the account without resorting to other proof. See generally, 1 Am. Jur. 2d *Accounts & Accounting* § 1, et seq. (1962), 1A Michie's Jur. *Accounts & Accounting* § 1, et seq. (Repl. Vol. 1980). Alpine was thus not required to produce any evidence at trial to show that the $12,126.20 debt reflected the reasonable value of his services.

Since McChesney failed to produce any evidence at trial to rebut the presumption of acceptance by silence, Alpine is entitled to judgment for $12,126.20.